UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PROCESS PIPE FABRICATORS, INC., ) ) **Plaintiff,** ) ) v. ) ) UNITED STATES OF AMERICA, ) ) ) **Defendants.** ) | Case No. 04-CV-0869-CVE-SAJ |

**OPINION AND ORDER**

Now before the Court is the United States' Motion to Dismiss and Opening Brief in Support (Dkt. # 26). Defendant argues that the Court lacks subject matter jurisdiction to hear plaintiff's claim, because plaintiff's claim is not a tax refund claim under 28 U.S.C. § 1346(a) and 26 U.S.C. § 7422(a). Plaintiff has responded and argues that the Court does have subject matter jurisdiction over plaintiff's claim for overpayment of taxes.[1]

**I.**

Plaintiff has brought this claim for a tax refund alleging that he has overpaid his taxes. He alleges that the Internal Revenue Service ("IRS") seized invoices from his business, obtained a judgment for the full value, and settled for significantly less than face value of the judgment. Process Pipe Fabricators, Inc. ("Process Pipe") is an Oklahoma corporation that specializes in assembling gas transmission units for offshore and onshore gas transmission facilities. Process Pipe entered a contract with Gastech, Inc. ("Gastech") to fabricate equipment for Schlumberger, Inc.

---

[1] Plaintiff has also filed a motion for summary judgment (Dkt. # 37). However, the Court has ruled that defendant does not have to respond to plaintiff's motion for summary judgment until the Court rules on defendant's motion to dismiss.

Process Pipe and Gastech worked together on the project, but Gastech accepted payment for the work. Gastech failed to pay Process Pipe its share of the proceeds, leaving Process Pipe in possession of unpaid invoices to Gastech.[2]

In 1996, the IRS notified Process Pipe that it owed a tax deficiency for failing to pay federal employment taxes. In order to satisfy the tax deficiency, the IRS seized approximately $550,000 of unpaid Process Pipe invoices, including invoices submitted to Gastech totaling $250,000. The IRS initially allowed Gastech to make monthly payments on the invoices, but the United States eventually sued Gastech to get a judgment for the full amount owed on the invoices. The United States received a judgment for $309,112 against Gastech. However, the government accepted a settlement of $167,000 in satisfaction of the full judgment. This left Process Pipe with an outstanding balance of $33,750 for unpaid employment taxes.

Process Pipe paid the outstanding amount, and then pursued administrative remedies with the IRS for a refund to collect an alleged overpayment of taxes. The IRS failed to respond to Process Pipe's refund claim and the claim was deemed denied under 26 U.S.C. § 6532(a). Process Pipe instituted this lawsuit alleging this Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1346(a) and 26 U.S.C. § 7422(a). The government has filed a motion to dismiss claiming that plaintiff's complaint does not invoke the jurisdiction of the Court under section 1346(a). Plaintiff has responded and filed a motion for summary judgment.

---

[2] According to Process Pipe, Gastech claimed that much of Process Pipe's work was defective and Gastech refused to pay the invoices. In order to prevent this in future projects, Process Pipe had its work inspected by the customer before submitting an invoice to Gastech, but Gastech still refused to pay Process Pipe.

**II.**

Defendant has asked the Court to dismiss Process Pipe's lawsuit because it claims that this is not a refund claim and the Court does not have subject matter jurisdiction under section 1346(a). Process Pipe has responded by arguing that the government's motion should be treated as a motion for summary judgment because the government disputes the facts alleged by Process Pipe. According to Process Pipe, when a Rule 12(b)(1) motion challenges the jurisdictional facts, the Court may not presume that the facts in the complaint are true and the government is required to submit evidentiary support for all of its factual allegations. The Tenth Circuit has stated that "[w]hen . . . a party's Rule 12(b)(1) motion challenges the facts upon which subject matter jurisdiction depends, 'a district court may not presume the truthfulness of the complaint's factual allegations." Sizova v. National Institute of Standards & Technology, 282 F.3d 1320, 1323 (10th Cir. 2002). However, "reliance on evidence outside the pleadings in addressing such a motion does not, as a general rule, convert the motion to one for summary judgment under Fed. R. Civ. P. 56." Id. The Tenth Circuit has distinguished between facial attacks on the pleadings and challenges to the jurisdictional facts asserted by the plaintiff. In Holt v. United States, 46 F.3d 1000 (10th Cir. 1995), the Tenth Circuit stated:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. . . . In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

3

Id. at 1002-03.

After reviewing defendant's motion, the Court does not find that defendant has contested the factual allegations of the complaint and plaintiff is not entitled to the procedural protections of Fed. R. Civ. P. 56. The government has merely stated the facts in slightly different language than contained in the complaint, but has not questioned the accuracy of the facts recited by Process Pipe. Although the government tries to put a different spin on the allegations of the complaint than Process Pipe would prefer, the facts are not in dispute. The general rule applied in the Tenth Circuit is that Rule 12(b)(1) motions should not be treated as motions for summary judgment under Rule 56 unless the merits of the case are intertwined with the jurisdictional allegations. Sizova, 282 F.3d at 1324 (the merits of the case are intertwined with jurisdictional issues if "subject matter jurisdiction is dependent upon the same statute which provides the substantive claim in the case"); Redmon v. United States, 934 F.2d 1151, 1155 (10th Cir. 1991) (motion for summary judgment standard should govern motion to dismiss for lack of subject matter jurisdiction if the jurisdictional issue is intertwined with the merits); Wheeler v. Hurdman, 825 F.2d 257, 259 (10th Cir. 1987) (Rule 12(b)(1) motion to dismiss should be converted to Rule 12(b)(6) motion or Rule 56 motion only if the jurisdictional question is intertwined with the merits of the case).

Process Pipe claims that its jurisdictional assertions are intertwined with the merits of the case because "full payment of the tax" is a jurisdictional issue and part of its substantive claim. The Supreme Court has established that a necessary prerequisite before filing a refund claim is that the taxpayer pay the tax assessment before filing suit. See 26 U.S.C. § 7421(a); Flora v. United States, 362 U.S. 145 (1960). However, the IRS has not disputed that plaintiff has fully paid its taxes and is not challenging subject matter jurisdiction on that basis. The IRS is challenging the Court's

subject matter jurisdiction on the ground that plaintiff has improperly styled his lawsuit as a tax refund claim and the Court does not have subject matter jurisdiction under section 1346(a). The fact that plaintiff will inevitably have to prove how much it paid in taxes can not be used to reach a summary judgment standard of review.

The Court will consider the government's motion as a facial challenge to plaintiff's complaint. The government's motion "merely challenges the sufficiency of the complaint, requiring the district court to accept the allegations in the complaint as true." Paper, Allied-Industrial, Chem. & Energy Int'l Union v. Continental Carbon Co., 428 F.3d 1285, 1292 (10th Cir. 2005). The Court must consider whether the allegations in the complaint invoke federal subject matter jurisdiction. Stuart v. Colorado Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001).

### III.

Process Pipe claims that the Court has subject matter jurisdiction under section 1346(a), which provides a waiver of sovereign immunity for taxpayers to challenge overpayments of taxes. Section 1346(a) states that district courts shall have jurisdiction over:

> Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

This broad waiver of sovereign immunity is significantly limited by 26 U.S.C. § 7422(a). Dalm v. United States, 494 U.S. 596, 601 (1990) ("Despite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions."). Section 7422 provides the following limitations on refund claims:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

The primary limitations on refund claims are that the taxes must be fully paid and an administrative claim must be filed with the IRS before filing suit. True v. United States, 190 F.3d 1165, 1171 (10th Cir. 1999) (district courts have no jurisdiction over issues that were not raised at the administrative level); Angle v. United States, 996 F.2d 252, 254 (10th Cir. 1993) (taxpayer must file a timely refund claim with the IRS before seeking judicial review).

In this case, Process Pipe has fully paid the taxes and filed a refund claim with the IRS prior to filing suit. The government argues that plaintiff's claim is not the type of claim that district courts are authorized to hear under section 1346(a). Defendant characterizes plaintiff's claim as a challenge to the use and disposition of seized assets by the IRS instead of a dispute about the appropriate amount of federal employment taxes.

The government relies on Schon v. United States, 759 F.2d 614 (7th Cir. 1985), to support its claim that a taxpayer may not bring a refund suit to challenge the manner in which the IRS disposes of seized assets. In Schon, Cadwaller & Johnson, Inc. ("Cadwaller") owed the IRS "trust fund taxes" and "non-trust fund taxes."[3] Id. at 615. Cadwaller assigned a check for $52,383 to the IRS but the co-assignee failed to note whether the check was for trust fund or non-trust fund taxes. Cadwaller's attorney called an IRS agent and notified the IRS to apply the check to trust fund taxes.

---

[3] The key difference between trust fund and non-trust fund taxes is that corporate officers who do not forward trust fund taxes to the IRS are personally subject to a monetary penalty.

6

The IRS ignored that request and applied the check to non-trust fund taxes. David and Peter Schon, corporate officers at Cadwaller, filed a refund claim in federal district court challenging the IRS' allocation of the check. The Seventh Circuit held that section 1346(a) did not authorize taxpayers to sue the United States for declaratory relief concerning the IRS' decision to apply tax payments to non-trust fund instead of trust fund taxes. Id. at 617-18. The court analogized to Film Truck Service, Inc. v. Nixon, 216 F. Supp. 77 (E.D. Mich. 1963), which held that "a taxpayer cannot rely on section 1346(a)(1) to bring suit alleging that the I.R.S. did not sell his assets so as to maximize the sale price and to minimize his remaining debt for unpaid taxes." Id. at 617 (citing Film Truck Service, Inc., 216 F. Supp. at 78). The Seventh Circuit rejected the plaintiffs' argument that the case fell within the "erroneously collected" language of section 1346(a) and found that this was really a request for declaratory relief that was barred by the express language of 28 U.S.C. § 2201.

The government also cites Cleveland Chair Company v. United States, 526 F.2d 497 (6th Cir. 1975), to support its argument that section 1346(a) does not allow taxpayers to contest the IRS' handling of seized assets. In that case, taxpayers disagreed with a ruling by the Tax Court and posted an appellate bond using Unites States Treasury notes totaling $995,000. The notes matured on April 21, 1966 but the IRS did not reinvest the notes to maximize the return. The taxpayers filed a refund suit alleging that they overpaid their taxes in the amount of interest that could have been gained by reinvesting the treasury notes. The district court transferred the case to the Court of Claims, finding that federal district courts did not have subject matter to hear this kind of claim under section 1346 and the Sixth Circuit affirmed. The Sixth Circuit characterized the taxpayers claim as a negligence suit against the United States instead of a refund claim. The court stated that:

> The ultimate issue in a tax refund suit is whether the taxpayer has overpaid his taxes for the year in question. In the present case the correct amount of taxes is not at

7

>  issue. The dispute centers around the non-action of a federal official in his capacity as a custodian. We agree with the District Court that this does not amount to an overpayment of taxes.

Id. at 498. The court found that the taxpayers would have had to bring a tort claim within the terms set out in the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. but that they could not pursue a tax refund claim under section 1346.

These cases are distinguishable, because the courts in Schon and Cleveland Chair actually dismissed the cases because the plaintiffs did not fully pay their taxes before filing suit. In Schon, the taxpayers alleged that the government misapplied their tax payment, but the taxpayers failed to pay the remaining tax liability before filing a refund action. 759 F.2d at 617. The Schon court remarked in dicta that a taxpayer who claims the IRS did not sell his assets in the most productive way could not rely on section 1346(a) to create subject matter jurisdiction, but that was not the holding of the case. The plaintiffs in Schon alleged the IRS misapplied their tax payment, and the Seventh Circuit held that the plaintiffs could not challenge the application of a tax payment between various outstanding taxes with a declaratory judgment action. Id. at 617-18. The Sixth Circuit has subsequently clarified that Cleveland Chair was dismissed for lack of subject matter jurisdiction because the supersedeas bond post by the taxpayer was simply a cash bond, not an overpayment of taxes. The E.W. Scripps Co. & Subsidiaries v. United States, 420 F.3d 589, 593-94 (6th Cir. 2005). In the present case, the IRS had a valid judgment entitling it to collect plaintiff's full tax liability and it elected to settle for less. Plaintiff's allegations plainly state that the IRS wrongfully collected more than the full amount of the outstanding tax and unlike Schon and Cleveland Chair, this does state a claim for overpayment of taxes.

The plain language of section 1346(a) allows a taxpayer to bring a refund claim for the recovery of any amount "in any manner wrongfully collected under the internal-revenue laws." The Tenth Circuit has stated that "'the ultimate question presented for decision, upon a claim for refund, is whether the taxpayer has overpaid his tax." Dye v. United States, 121 F.3d 1399, 1407 (10th Cir. 1997). The cases cited by the United States apply a narrower construction of section 1346(a) than it appears the Tenth Circuit would apply. For example, in Selman v. United States, 941 F.2d 1060 (1991), the Tenth Circuit held that the district court had subject matter jurisdiction to hear a taxpayer's claim that the IRS had illegally collected an excessive amount of interest on a tax liability.[4] In that case, the taxpayer's allegations sufficiently stated a claim that the IRS had collected "any sum alleged to have been excessive." Id. at 1061-62. Generally, subject matter jurisdiction will be proper under section 1346(a) if the taxpayer alleges he has overpaid his taxes, but paid any outstanding taxes and filed an administrative refund claim. Buck v. United States, 466 F.2d 481, 483 (10th Cir. 1972). Plaintiff has cited case law suggesting that subject matter jurisdiction may be proper in cases where the IRS fails to enforce a levy or collect a reasonable amount for the seized asset. United States v. Pittman, 449 F.2d 623 (7th Cir. 1971) (IRS action constituting a seizure of an asset under a levy requires it to credit taxpayer for the value of the asset because taxpayer has no further control over the property); In re Barlows Inc., 36 B.R. 826 (Bankr. E.D. Va 1984) (when the IRS levied upon an account receivable and entered a payment arrangement with account debtor, taxpayer was entitled to credit for face value of property).

---

[4]  The Tenth Circuit dismissed the case because the decision to abate interest was in the sole discretion of the Commissioner.

The complaint alleges that plaintiff overpaid its taxes by at least $33,750, because the IRS had previously seized invoices and obtained a judgment that permitted the IRS to collect the full amount of its tax liability. Whether or not the IRS had a valid reason for failing to collect the face value of the invoices or judgment is a question of fact that the Court can not decide on a motion to dismiss. Although the IRS' characterization of plaintiff's allegations may inevitably turn out to be correct, that does not mean that dismissal is appropriate at this preliminary stage. Plaintiff has followed the procedures for filing a refund claim mandated by 26 U.S.C. § 7422(a) and alleged that the IRS collected more taxes than were owed. Under Tenth Circuit precedent, this sufficiently states a claim that invokes the Court's jurisdiction under section 1346(a), and therefore, the government's motion to dismiss must be denied.

**IT IS THEREFORE ORDERED** that United States' Motion to Dismiss and Opening Brief in Support (Dkt. # 26) is **denied**. The United States is ordered to file a response to plaintiff's motion for summary judgment (Dkt. # 37) by August 25, 2006.

**DATED** this 7th day of August, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT