UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **PROCESS PIPE FABRICATORS, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 04-CV-0869-CVE-SAJ |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

**OPINION AND ORDER**

Now before the Court is the United States' Cross-Motion for Summary Judgment and Opening Brief in Support (Dkt. # 61). The Unites States argues that it is entitled to summary judgment because Process Pipe Fabricators, Inc. ("Process Pipe") has not overpaid its taxes. The government also argues that Process Pipe was not entitled to a credit for the face value of the invoices, because the invoices were not worth their stated value.

**I.**

Process Pipe fabricates transmission equipment for onshore and offshore gas transmission facilities. In 1992, Process Pipe entered a partnership with Gastech Engineering Corporation, an engineering firm in Tulsa, Oklahoma. Process Pipe fabricated equipment for Gastech's clients, but the clients paid Gastech directly for the services. The arrangement between Process Pipe and Gastech called for Gastech to pay Process Pipe for its share of the work after Process Pipe submitted an invoice to Gastech. Many of these invoices were not paid by Gastech. Process Pipe could not pay its expenses, including federal employment taxes, and eventually filed for Chapter 11 bankruptcy in 1994.

In 1996, Process Pipe renewed its relationship with Gastech and fabricated equipment for Gastech's clients, but Process Pipe encountered similar problems receiving payment from Gastech. Process Pipe failed to pay its federal employment taxes and met with a representative of the Internal Revenue Service ("IRS") to arrange for payment of its late taxes. Process Pipe allowed the IRS to seize unpaid invoices to Gastech with the intention that the invoices would be used to fully satisfy its tax liability. When the IRS tried to collect the invoices from Gastech, Gastech alleged that Process Pipe's work was defective and refused to pay the invoices. However, Gastech agreed to pay $750 a month towards the invoices. In 1999, the IRS filed a lawsuit in federal court, United States v. Gastech Engineering Corporation, 99-CV-0026-JOE (N.D. Okla.), to collect the full amount remaining on the invoices and obtained a judgment for $309,112. The IRS did not believe that Gastech could pay the full judgment, and the IRS and Gastech entered a settlement agreement allowing Gastech to pay less than the full value of the judgment. Gastech agreed to pay part of the judgment but, in order to do so, it had to subordinate the interests of another creditor to pay the invoices. The IRS claims that it believed this was necessary to maximize the amount it collected on the invoices.

**II.**

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Durham v. Xerox Corp., 18 F.3d 836, 838-39 (10th Cir. 1994)

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

### III.

The Court's ruling on plaintiff's motion for summary judgment disposes of the substantive arguments raised in the government's cross-motion for summary judgment. The Court's previous Opinion and Order (Dkt. # 64) sets out the applicable law for the resolution of this case. The government has not shown that there is a generally accepted rule of law that allows it to sell seized assets at any price without crediting a taxpayer for any loss in value related to the IRS' negligence. Conversely, the taxpayer is not entitled to a credit for the face value of seized property based only on the government' seizure of a taxpayer's property. In its Opinion and Order, the Court held that liability would be determined under the rule announced in Stead v. United States, 419 F.3d 944 (9th Cir. 2005). Before a taxpayer is entitled to a credit for property beyond the value obtained by the IRS, the IRS must levy on the property and engage in affirmative acts of negligence when disposing of the property. Id. at 947-48. A necessary part of the taxpayer's claim is that it must prove the value of the seized asset in the hands of the IRS before the taxpayer will be entitled to a credit. The Court found that this standard strikes a reasonable balance between the interests of the parties, but still shows the IRS a high level of deference when it attempts to collect unpaid taxes.

Plaintiff argues that the United States has not provided adequate evidentiary support for its motion for summary judgment. Under Fed. R. Civ. P. 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." The United States refers to several evidentiary exhibits provided by plaintiff in support of its motion for summary judgment, but plaintiff contends that the United States has attached only one exhibit to its motion

for summary judgment.[1]  Under local rules of civil procedure, the moving party must "refer with particularity to those portions of the record upon which movant relies." LCvR 56.1.   In a cross-motion for summary judgment, especially when the government incorporates its response to plaintiff's motion for summary judgment, the summary judgment record should include the evidence provided in support of plaintiff's motion for summary judgment.  The government's cross motion for summary judgment and its response to plaintiff's motion for summary judgment include specific references to the summary judgment record, which is all that is required in this situation.  The exhibits cited by the government support its factual claims, and the Court finds that the government has met its burden to produce evidence in support of its cross-motion for summary judgment under Rule 56.

However, as previously noted by the Court, there is a genuine issue of material fact regarding the value of the seized invoices.  The United States has not provided new evidence that would justify reconsideration of the Court's previous finding on this issue.  The government relies solely on the affidavit of Andrew T. Pribe, the trial attorney representing the United States in <u>United States v. Gastech Engineering Corporation</u>, to prove that the invoices were not worth their face value.  Although this provides evidence that the invoices may not have been worth their face value, it does not show how the United States determined that the settlement amount reflected the value of the invoices. The affidavit was sufficient to create a genuine issue of material fact to defeat plaintiff's motion for summary judgement but, standing alone, it is inadequate to carry the United States' burden to prevail on its own motion for summary judgment.  The evidence submitted by Process

---

[1]  The exhibit, an affidavit from Andrew T. Pribe, was attached to the government's response to plaintiff's motion for summary judgment.  However, the response was incorporated into the United States' cross-motion for summary judgment.

Pipe shows that Gastech had a poor track record in submitting timely payments, but the United States has not proven that this evidence justifies a finding that the face value of the invoices was uncollectible. Based on the summary judgment record, the United States has not shown that it is entitled to summary judgment, because there is a genuine issue of material fact as to the value of the seized invoices.

**IT IS THEREFORE ORDERED** that United States' Cross-Motion for Summary Judgment and Opening Brief in Support (Dkt. # 61) is **denied**.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT